CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This suit arises out of an automobile-truck collision. On January 4, 1973, at about 12:45 p. m., Lanny Williams was operating a 1965 Chevrolet owned by Virginia Davis. George Davis, James Edwards and Wilfred James were passengers in the automobile.
A collision occurred on U. S. Highway 90 in the traffic circle immediately west of the Huey P. Long Bridge, between the car driven by Lanny Williams and a truck-trailer owned by Service Trucking Company, being driven by the defendant, Joseph D. Hearold. Plaintiffs allege and the trial court found that Hearold was an employee of Service Trucking Company and Hearold was negligent and his negligence was imputed to his employer. We affirm.
The evidence sustains the facts found by the trial judge that both vehicles were traveling in the same direction. Lanny Williams was driving the 1965 Chevrolet on the right alongside the trailer and the rear trailer wheels collided with the side of the 1965 Chevrolet and forced Williams into guard rails running along the roadway.
As a result of the collision, Lanny Williams and his passengers sustained injuries and the damages to Virginia Davis were stipulated in the sum of $350. The trial *767 court in its well written reasons for judgment concluded that the plaintiffs, Lanny Williams, George Davis, James Edwards and Wilfred James had each proven to the satisfaction of the court that each was entitled to recover as follows: Lanny Williams $2,197.81, George Davis $1,995, James Edwards $2,356.79, and Wilfred James $2,247.81.
Each of the injured plaintiffs sustained back and whiplash injuries. All plaintiffs were treated on the same dates because of the convenience of using the same transportation to go to and from the doctor’s office. In this connection we quote with approval from the trial judge’s reasons for judgment:
“ * * * The court must admit that there is some question in the mind of the court as to why all of the plaintiffs received practically identical treatment for almost an identical length of time. However, the doctor testified in detail that it was necessary and why it was necessary and he made somewhat different diagnosis on each plaintiff. In any event, in the absence of any contrary medical testimony that showed that this treatment was unnecessary or was administered for too long a time, the court must accept the testimony of the only expert medical witness who testified, Dr. Riley, that it was necessary in order to treat each plaintiff.”
Our jurisprudence is so well settled that the findings of a trial judge are not to be disturbed unless mainfestly erroneous and this court recognizing this rule cannot find manifest error committed by the trial judge. U. S. F. & G. v. Hyams, La.App., 238 So.2d 750.
For the foregoing reasons the judgment of the trial court is affirmed, cost of the appeal to be borne by the defendants.